UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBELLA PROTECTION INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> REVISION ENERGY, INC., SOLAREDGE TECHNOLOGIES, INC., HANWHA Q CELLS AMERICA, INC., and STAUBLI ELECTRICAL CONNECTORS, INC., <br><br> Defendants. | Civil Action No. 1:23-cv-10508-IT |

MEMORANDUM & ORDER

January 18, 2024

TALWANI, D.J.

Defendant Hanwha Q Cells America, Inc. ("Q CELLS") brings a Cross-Claim for common-law indemnification against Co-Defendant ReVision Energy, Inc. ("ReVision"), alleging that ReVision's negligence in installing and/or maintaining solar panels on an insured residence led to the damage for which Arbella Insurance Co. ("Arbella") is seeking relief in the underlying action. Amended Crossclaim [Doc. No. 53]. Now pending before the court is ReVision's Second Motion to Dismiss Hanwha Q Cells America Inc.'s Claims for Common Law Indemnification [Doc. No. 60]. For the reasons set forth herein, the Motion is DENIED.

I.  **Background**

Arbella's Complaint against ReVision, Q CELLS, and others alleges that on or about March 7, 2020, a residence insured by Arbella suffered significant fire and water damage. Compl. ¶ 10 [Doc. No. 1]. Arbella has paid (and continues to pay) its insureds for damage-

related losses. Id. at ¶ 15. Arbella alleges that the cause of this damage included, but was not limited to, "a malfunction in the electrical equipment in the solar panel system designed, manufactured, sold and/or distributed, as well as by the provision of general contracting, construction, building and inspection services for the installation of solar panel systems . . . by the said Defendants." Id. At the time of the fire, the solar panels installed on the residence were approximately three years old. Id. at ¶ 19.

Arbella brings Counts of Negligence (Count I), Breach of Contract (Count II), Failure to Warn (Count III), Breach of Warranty (Count IV), and Negligent Misrepresentation (Count V) against ReVision, id. at ¶¶ 21-51, and Counts of Negligence (Count XI), Failure to Warn (Count XII), Breach of Warranty (Count XIII), and Negligent Misrepresentation (Count IV) against Q CELLS, id. at ¶¶ 83-107. Q CELLS filed its Amended Crossclaim [Doc. No. 53] for common law indemnification (Count I) and Contribution (Count II) against ReVision, and ReVision filed the pending Motion to Dismiss [Doc. No. 60] Q CELLS's common law indemnification claim.

## II.     Facts Alleged in Q CELLS's Amended Crossclaim

ReVision installed 36 solar panels on the residence's roof. Amended Crossclaim ¶ 7 [Doc. No. 53]. Q CELLS alleges that ReVision was negligent in this installation by overlooking that the residence, which was located in a densely wooded area with overhanging tree branches, was especially susceptible to rodent infestations and failing to install a critter guard or remove (or recommend removing) any trees from the surrounding area. Id. at ¶¶ 9-10, 12. After the fire, investigators found chew marks on certain solar panels. Id. at ¶ 13. They also found abrasions on the wiring/conductors for most of the solar panels installed by ReVision. Id. at ¶ 15. Q CELLS, a manufacturer, was not involved in the installation process. Id. at ¶¶ 14-16.

Q CELLS alleges that because of ReVision's negligence, Q CELLS is entitled to common law indemnity for any liability ultimately assessed against Q CELLS. Id. at ¶ 21.

### III. Standard of Review

#### A. *Failure to State a Claim under Rule 12(b)(6)*

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard is the same in a crossclaim: the court is required to accept allegations in cross-claims as true and draw all reasonable inferences in the cross-claimant's favor. Hernandez v. City of Boston, 277 F. Supp. 3d 176, 179 (D. Mass. 2017).

### IV. Discussion

#### A. *Common Law Indemnification*

"Under Massachusetts law, a right to indemnification can arise under three circumstances, namely, 1) an express agreement, 2) a contractual right implied from the nature of the relationship between the parties, and 3) a common law tort-based right." Zoll Medical Corp. v. Barracuda Networks, Inc., 565 F. Supp. 3d 101, 109-110 (D. Mass. 2021) (citing Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Auth., 693 F.2d 1, 2 (1st Cir. 1982)). Q

CELLS's crossclaim arises out of the third circumstance, common-law indemnification against a joint tortfeasor. Amended Crossclaim ¶ 18 [Doc. No. 53].

The "general rule" in Massachusetts is that a negligent party is not entitled to common-law indemnification from another negligent party. Rathbun v. Western Massachusetts Elec. Co., 395 Mass. 361, 364, 479 N.E.2d 1383 (1985). However, there are exceptions to this rule. First, a party may still be entitled to indemnification if that party "did not join in the negligent act of another but was exposed to liability because of that negligent act." Id. In other words, where the party seeking indemnification is found to be "only 'constructively' rather than 'actually' negligent or . . . 'derivatively' or 'vicariously' liable rather than 'directly' liable," that party may seek indemnification from the actually negligent party. Id.; see Hollywood Barbecue Co. v. Morse, 314 Mass. 368, 370, 50 N.E.2d 55 (1943) (holding store owner could recover from supplier whose employee injured a passer-by, because store owner "did not join in doing th[e] [negligent] act," but merely "became liable in consequence of it"). ReVision argues in its Motion to Dismiss that Q CELLS's statements are "merely labels and conclusions" that do not demonstrate how Q CELLS could be found vicariously liable for ReVision's possible negligence. ReVision Mem. MTD 5 [Doc. No. 61]. The court agrees that there are no allegations in the underlying Complaint [Doc. No. 1] or in Q CELLS' Amended Crossclaim [Doc. No. 53] that could support a finding that Q CELLS is liable based on a theory of vicarious liability.

In a small number of Massachusetts cases, indemnity has been allowed as to at-fault parties. Rathbun, 395 Mass. at 364 (listing cases). Given the infrequency with which this occurs, "no instructive general rule can be stated as to when indemnity will or will not be allowed to a negligent person." Id. However, even within this limited sample size, the trend that "the

4

indemnitee's negligence has been insignificant in relation to that of the indemnitors" has emerged. See id.

ReVision's primary argument against the application of this rule appears to be that Massachusetts courts have implicitly overruled the at-fault indemnification exception. See Revision Mem. MTD 6 [Doc. No. 61] (noting the absence of case law applying the exception since the inception of statutory contribution in 1962). But absent an express directive from Massachusetts courts, this court is not free to re-write state law to that effect. See generally Zoll, 565 F. Supp. 3d 101 (entertaining at-fault indemnification argument).

ReVision also argues that Q CELLS has not shown how it could fall within the narrow category of exceptions granted to at-fault parties whose negligence was insignificant compared to the other negligent party. ReVision Mem. MTD 6 [Doc. No. 61]. If the damage was caused solely (or primarily) because of negligence in the manufacturing process, Q CELLS' claim for indemnity will fail. But Q CELLS has alleged a series of events concerning the solar panel installation that place the liability for damage to the residence with ReVision. Amended Crossclaim ¶¶ 7-16 [Doc. No. 53]. If those alleged events are found to be the sole cause of the damage, ReVision, but not Q CELLS may be liable to Arbella and the issue of indemnification would be moot. But if liability is premised on negligence in both manufacturing and installation, the availability of common-law indemnity will turn on specific facts about the nature of the tort that have not yet emerged. Specifically, indemnity will depend on whether there is evidence that Q CELLS's negligent manufacturing process (e.g., poor placement of critical electrical components) made the panels more susceptible to damage from negligent installation. Thus, the absence of details regarding Q CELLS's alleged negligence and the specific installation failure that led to the fire at this early stage does not doom Q CELLS's claim. In any event, whether Q

CELLS "was negligent itself is not an issue suitable for resolution at this juncture." See Zoll, 565 F. Supp. 3d at 110.

## V.     Conclusion

For the foregoing reasons, ReVision's Second Motion to Dismiss [Doc. No. 60] Count I of Q CELLS's Amended Crossclaim [Doc. No. 53] is DENIED.

IT IS SO ORDERED

January 18, 2023                                         /s/     Indira Talwani

                                                                            United States District Judge